**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WENDELL JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> WARDEN CHARLES ELLIS, et al., <br><br> Defendants. | Civil Action No. 20-11472 (MAS) (LHG) <br><br> **OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Wendell Johnson's civil complaint (ECF No. 1) in this prisoner civil rights matter. As Plaintiff has previously been granted *in forma pauperis* status in this matter (ECF No. 13), this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed in its entirety.

**I.     BACKGROUND**

Plaintiff is a state criminal detainee currently incarcerated at the Mercer County Correctional Center. (ECF No. 1 at 2-3.) In his complaint, he seeks to raise claims against a number of state officials related to his incarceration during the COVID-19 pandemic which led to his contracting the virus in May 2020. (*Id.* at 6-14.) Specifically, Plaintiff contends that his being kept in jail, rather than being released as some other prisoners were, amounts to a violation of his rights either because his conditions of confinement are so severe in light of COVID-19 to amount

to a denial of Due Process, or because he believes the staff at the jail have been deliberately indifferent to his medical needs in light of his contracting the virus, being moved into quarantine, and not having been fully informed of all sick guards with whom he may have come into contact. (*Id.*) Plaintiff also briefly alleges that he was denied his right to practice his religion under federal law, but does not provide significant details regarding his faith, practices, or the denial in question. (*Id.* at 9.) While Plaintiff seeks to press his claims against a number of state defendants, his allegations regarding these COVID-related claims only contain factual allegations against a single Defendant—Warden Ellis—who Plaintiff believes has not done enough to protect him. (*Id.* at 6-14.) Plaintiff also raises challenges that (1) he should have been released following COVID-related orders from the New Jersey Supreme Court setting standards for bail in light of the virus, essentially a challenge to his being denied release on bond, and (2) his indictment was improperly signed by someone other than the county prosecutor in violation of New Jersey law. (*Id.* at 7, 14.)

## II. LEGAL STANDARD

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all

reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.  DISCUSSION

In his current complaint, Plaintiff seeks to raise claims against a number of Defendants regarding the medical services and conditions of confinement he experienced following the onset of the COVID-19 pandemic and challenges to his denial of release from pre-trial detention and his indictment. Turning first to the bail and indictment challenges, it is clear that Plaintiff is claiming that his indictment was fraudulently signed and void ab initio, and that his not being released

following New Jersey Supreme Court guidance on bond in light of COVID-19 was improper. In both of these claims, Plaintiff is directly seeking to challenge the fact or length of his detention, and seeking money damages from alleged resulting constitutional violations. Plaintiff, however, does not allege that his denial of release or indictment has ever been successfully overturned. Under the doctrine announced in *Heck v. Humphries*, 512 U.S. 477, 486-87 (1994), this Court may not entertain civil rights challenges which seek to either directly challenge the fact or length of a plaintiff's detention, or which seek money damages stemming from the fact or length of his detention absent that detention being overturned through state court process or a habeas proceeding. As the Supreme Court has explained, "a . . . prisoner's [civil rights] action is barred (absent prior invalidation [of his period of detention]) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal [disciplinary] proceedings) – *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). In this matter, Plaintiff seeks to assert that his indictment was fraudulent and therefore void, and that he was improperly denied release. Both claims directly challenge the fact or length of his criminal charges, and would imply the invalidity of Plaintiff's confinement or criminal charges if successful. Plaintiff may therefore not bring these claims without first showing that his denial of bond or criminal charges have been overturned, and his release and indictment challenges are therefore dismissed without prejudice.

Turning to Plaintiff's remaining claims, it is clear that Plaintiff provides allegations regarding his religious and COVID related claims only against Warden Ellis, and he has failed to otherwise connect the remaining Defendants to these claims. In order to plead a plausible claim for relief under § 1983, a plaintiff must plead facts which, if proven, would show that the named defendants had personal involvement in the alleged wrongs. *Rode v. Dellarciprete*, 845 F.2d 1195,

1207-08 (3d Cir. 1988). As Plaintiff has pled no facts connecting the non-Ellis Defendants to his remaining claims, all Defendants other than Ellis must be dismissed without prejudice for failure to state a claim for which relief may be granted.

As to Warden Ellis, Plaintiff raises three claims – a claim in which he asserts his religious rights were violated, and claims asserting that COVID conditions at the Mercer County facility either were so severe as to violate Due Process or amounted to deliberate indifference to his medical or mental health needs. As to his religious claims, Plaintiff only briefly alleges that he has been denied the ability to practice his faith which he asserts is a denial of his rights pursuant to the Religious Freedom Restoration Act ("RFRA"). Although Plaintiff relies on the RFRA, because he is addressing the religious rights of incarcerated persons, it is actually the RFRA's companion law, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), which would control his claims.[1] *See, e.g., Holt v. Hobbs*, 574 U.S. 352, 356-57 (2015). In order to state a claim for relief under the Act, however, a plaintiff must plead that he has sincerely held religious beliefs which are being substantially burdened. *Id.* at 360-61. Although Plaintiff asserts in his complaint that he could not "worship his God" for lack of an "Authentic Christian Leader," (*see* ECF No. 1 at 9), Plaintiff does not detail what his beliefs are, what sort of "authentic leader" they require, and how he was denied such a leader. Plaintiff's RLUIPA claim must be dismissed without prejudice for failure to state a claim as a result. *Id.*

In his final series of claims, Plaintiff alleges that Warden Ellis denied him his right to Due Process by either subjecting him to punitive conditions of confinement in light of COVID-19 or

---

[1] Even if this Court were to reconstrue Plaintiff's claims to be constitutional rather than statutory in nature, they would still fail to set forth a valid basis for relief as Plaintiff has not alleged what his sincerely held beliefs are, which is a necessary prerequisite to a First Amendment religious exercise claim. *See, e.g., DeHart v. Horn*, 227 F.3d 47, 51-52 (3d Cir. 2000) (First Amendment free exercise of religion claim requires allegations of a sincerely held religious belief by the plaintiff).

5

by being deliberately indifferent to his medical needs. The Third Circuit reaffirmed the legal standards to be applied to such claims in the COVID-19 context in its decision in *Hope v. Warden York County Prison*, 972 F.3d 310 (3d Cir. 2020). As the Court of Appeals explained in *Hope*, in evaluating the assertion that a prisoner's conditions of confinement are unconstitutionally punitive, "[t]he touchstone for the constitutionality of detention is whether conditions of confinement are meant to punish." *Id.* at 325-27. In the absence of a showing that detention facility staff acted with an express intent to punish the plaintiff, determining whether conditions amount to unconstitutional punishment requires that the district court "consider the totality of the circumstances of confinement, including any genuine privations or hardship over an extended period of time, and whether conditions are (1) rationally related to their legitimate purpose or (2) excessive in relation to that purpose." *Id.* In reviewing the conditions and actions of detention officials and their relation to the Government's legitimate interest in detaining aliens awaiting the conclusion of removal proceedings, reviewing courts "must acknowledge that practical considerations of detention justify limitations on many privileges and rights," and "ordinarily defer" to the expertise of prison officials in responding to COVID-19 unless there is "substantial evidence in the record that the officials have exaggerated their response" to the situation. *Id.* Where a government entity has a strong interest in detaining the plaintiff – which is undoubtedly the case for a criminal defendant awaiting sentencing as Plaintiff asserted himself to be in his complaint – the Third Circuit has rejected the assertion that detention during the COVID-19 pandemic would amount to unconstitutional punishment where the facility in which the plaintiff is housed has taken significant, concrete steps aimed at mitigating the threat posed to detainees, notwithstanding serious pre-existing health conditions which may render those detainees more likely to suffer serious complications should they contract the virus. *Id.* at 327-29.

Turning to Plaintiff's deliberate indifference medical claims, the Third Circuit reaffirmed that "[t]o establish deliberate indifference, [a plaintiff] must show the Government knew of *and disregarded* an excessive risk to [his] health and safety." *Id.* at 329 (citing *Nicini v. Morra*, 212 F.3d 798, 811 (3d Cir. 2000).) The Court of Appeals further held that "[t]he context of the Government's conduct is essential to determine whether it shows the requisite deliberate indifference," and that, in evaluating this context, a reviewing court must defer to the expertise of both medical officials and jail administrators, and not assume a constitutional defect where concrete action has been taken in response to the COVID-19 pandemic as "rules of due process are not subject to mechanical application *in unfamiliar territory.*" *Id.* at 329-30 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 850 (1998)). Thus, where the Government has taken concrete steps towards mitigating the medical effects of COVID-19 on a detention facility, a detainee will fall "well short of establishing that the Government was deliberately indifferent toward [his] medical needs" in light of the virus even though the detaining officials cannot entirely "eliminate all risk" of contracting COVID-19, notwithstanding even serious pre-existing medical conditions which may exacerbate a COVID-19 infection should one occur. *Id.* at 330-31.

In this matter, Plaintiff effectively admits that Warden Ellis *did* take measures to curtail the risks of COVID-19, including the testing of inmates and the quarantining of the infected. (ECF No. 1 at 6-14.) Likewise, documents Plaintiff has submitted indicate that Ellis took further steps, including the testing and quarantining of infected guards, daily health checks for infected prisoners, increased facility cleaning and sanitization, intake medical screening for individuals entering the facility, limitations on outside individuals entering the jail, and the provision of protective equipment where appropriate. (ECF No. 1-3 at 10-13.) In light of these clear, concrete steps aimed at limiting the risk of COVID-19 to prisoners at the jail, Plaintiff has failed to plead sufficient facts to support a claim that Warden Ellis has either subjected him to unduly punitive

7

conditions of confinement or has been deliberately indifferent to Plaintiff's medical needs. That Plaintiff alleges that he has been denied access to a private doctor from outside the facility does not alter this conclusion in the absence of factual allegations suggesting he has not received any treatment for his ongoing medical conditions. Plaintiff's deliberate indifference and punitive conditions of confinement claims are consequently dismissed without prejudice. *Hope*, 972 F.3d at 327-31. Plaintiff's complaint shall therefore be dismissed without prejudice in its entirety.

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety. An order consistent with this Opinion will be entered.

s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE