**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WENDELL JOHNSON,<br><br>   Plaintiff,<br><br>v.<br><br>WARDEN CHARLES ELLIS, *et al.*,<br><br>   Defendants. | Civil Action No. 20-11472 (MAS) (RLS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court on Warden Charles Ellis's ("Ellis" or "Defendant") Motion to Dismiss Plaintiff Wendell Johnson's ("Plaintiff") claims brought under the Religious Land Use and Incarcerated Persons Act ("RLUIPA"). (ECF No. 56.) Plaintiff filed opposition to the motion (ECF Nos. 57, 59), and Defendant replied (ECF No. 58).

By way of background, Plaintiff's Complaint raised a number of claims related to jail lockdowns that occurred during the COVID-19 pandemic. (*See* ECF Nos. 29, 31.) In an order and opinion issued on November 7, 2023, this Court screened the complaint and permitted only Plaintiff's claims alleging that he had been denied the right to freely pursue his religious beliefs under the First Amendment and RLUIPA to proceed against Ellis, the warden of the jail in which Plaintiff had been housed. (ECF Nos. 46, 47.) Essentially, Plaintiff alleged that the practice of his sincerely held religious beliefs required regular services with access to clergy. According to Plaintiff, the jail's COVID-related lockdowns completely deprived him of any services or clergy for a considerable length of time and thus deprived him of the ability, let alone the choice, to

practice his religious beliefs in accordance with his faith. (*See* ECF No. 29-1 at 5; 12; ECF No. 31.) This Court found these allegations sufficient to support both a First Amendment free exercise of religion claim and a claim under RLUIPA as "Plaintiff has thus pled that his sincerely held religious beliefs were infringed without sufficient cause, which is sufficient to survive initial screening. *See, e.g.*, *Holt v. Hobbs*, 574 U.S. 352, 356-57 (2015) (as to RLUIPA); *DeHart v. Horn*, 227 F.3d 47, 51-52 (3d Cir. 2000) (as to the First Amendment)." (ECF No. 46 at 6-7.) Defendant now moves to dismiss Plaintiff's RLUIPA claims, arguing that: (1) Plaintiff's claims are moot because he has been moved from the jail to prison; and (2) in any event, Plaintiff fails to state a claim for relief under RLUIPA.

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A

2

complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Defendant first argues that Plaintiff's RLUIPA claims have become moot because Plaintiff is no longer housed at the jail and has been transferred to prison. Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, where a plaintiff no longer has a personal stake in the outcome of a claim or case, his claim will become moot and must be dismissed as such. *Id.*

Because RLUIPA does not permit the recovery of money damages against individual defendants, such as Ellis, and Plaintiff can no longer receive injunctive relief as he has been transferred from the jail, Plaintiff's RLUIPA claims are moot and must be dismissed as such. *See, e.g., Banks v. Sec'y Pa. Dep't of Corr.*, 601 F. App'x 101, 103-04 (3d Cir. 2015) (stating that RLUIPA does not permit money damages against individual defendants in their official or personal capacity, and injunctive and declaratory relief claims under RLUIPA become moot following a transfer to prison); *see also Sharp v. Johnson*, 669 F.3d 144, 154 (3d Cir. 2012).

The same, however, is not true of Plaintiff's First Amendment Free Exercise claims. Claims for damages—at the very least of the nominal sort—"have always been available under § 1983 for clearly established violations of the First Amendment." *Mack v. Yost*, 63 F.4th 211,

3

225 (3d Cir. 2023). Plaintiff's First Amendment claims are thus not moot and will not be dismissed at this time.

In his remaining argument, Defendant contends that Plaintiff's RLUIPA claims fail to state a plausible claim for relief because the deprivation of services or access to appropriate clerics is not a substantial burden on Plaintiff's beliefs.[1] Because the only claims challenged in this argument—Plaintiff's RLUIPA claims—shall be dismissed without prejudice as moot, the Court need not consider the argument at this time.[2]

**IT IS THEREFORE** on this 28th day of May, 2024, **ORDERED** that:

1. Defendant's motion to dismiss (ECF No. 56) is **GRANTED IN PART**;

2. Plaintiff's RLUIPA claims against Defendant are **DISMISSED WITHOUT PREJUDICE** as moot;

3. Plaintiff's Motion to Amend (ECF No. 49) is **DENIED WITHOUT PREJUDICE**; and

4. The Clerk of the Court shall serve a copy of this Memorandum Order upon Plaintiff by regular mail.

                                                                   _____
                                                                   MICHAEL A. SHIPP
                                                                   **UNITED STATES DISTRICT JUDGE**

---

[1] Defendant does not present any argument in this point as to Plaintiff's First Amendment Free Exercise claim.

[2] The Court also finds good cause to deny without prejudice Plaintiff's Motion for Leave to File an Amended Complaint. (ECF No. 49.) The proposed second amended complaint that accompanies Plaintiff's Motion to Amend attempts to incorporate the original and amended complaints and is dated March 24, 2023. (Proposed SAC, ECF No. 49-1 at *54.) Plaintiff's "Supplemental Statement of Facts" that accompanies the Motion, however, is dated November 12, 2023. (*Id.* at *57.) Here, it is not clear to the Court what constitutes the proposed Second Amended Complaint. Moreover, this Memorandum Order on Defendant's Motion to Dismiss should inform any future claims. Should Plaintiff seek to file a Second Amended Complaint, he must file a new motion to amend and attach a proposed form of Second Amended Complaint that contains all factual allegations, claims, and demands.